IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH A. SMITH,

    Plaintiff,                           No. CIV S-06-1916 DFL EFB PS

    vs.

GREGORY G. HOLLOWS and
DALE A. DROZD,

    Defendants.                      FINDINGS AND RECOMMENDATIONS

/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Although plaintiff has made the required showing, this does not complete the court's inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

        Pro se pleadings are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir.

1

1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

From the complaint, it appears that plaintiff seeks some redress with regard to actions concerning a trust account maintained while he was incarcerated. Plaintiff also appears to make reference to previous complaints filed with this court, which were apparently disposed of by defendants, Magistrate Judges Gregory G. Hollows and Dale A. Drozd.

To the extent the complaint can be construed as an action for damages or equitable relief against defendants Hollows and Drozd, the complaint should be dismissed. As a general rule, judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Mireles v. Waco*, 502 U.S. 9, 9 (1991). The immunity also applies in actions for declaratory, injunctive and other equitable relief. *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996). "This immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Moore*, 96 F.3d at 1244 (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (citations omitted). Even "[g]rave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." *Id.* (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988)). Because the only defendants named by plaintiff, Magistrate Judges Hollows and Drozd, are immune from suit, it appears no amendment can cure the defects of this complaint.

Accordingly, it is hereby RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

1  specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951
2  F.2d 1153, 1157 (9th Cir. 1991).
3  DATED:   September 14, 2006.

         /s/ Edmund F. Brennan
         EDMUND F. BRENNAN
         UNITED STATES MAGISTRATE JUDGE

EFB:mb
Smith06cv1916.ifp

3